high crime area handing another person a sandwich baggie in exchange for money and, when the police approached, defendant fled and threw a baggie containing cocaine. Under the circumstances, the police had probable cause to arrest defendant (*see, People v Jones,* 90 NY2d 835). (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Scudder, Callahan and Balio, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SMITH, Appellant. (Appeal No. 1.) [698 NYS2d 197] —Judgment unanimously affirmed. Memorandum: Contrary to the contention of defendant, County Court properly denied his motion for a mistrial. Although the court erred in admitting evidence of prior bad acts without a prior ruling that the evidence was admissible (*see, People v Ventimiglia,* 52 NY2d 350, 362) and failed to give appropriate limiting instructions to the jury (*see, People v Kocyla,* 167 AD2d 938, 940), the errors are harmless (*see, People v Schrader,* 251 AD2d 1032, 1033, *lv denied* 92 NY2d 882; *People v Wieczorek,* 177 AD2d 963, *lv denied* 79 NY2d 866). We also reject the contention that defendant was denied a fair trial by prosecutorial misconduct during summation. The "isolated instances of prosecutorial misconduct did not cause 'such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Chislum,* 244 AD2d 944, 945, *lv denied* 91 NY2d 924, quoting *People v Mott,* 94 AD2d 415, 419). The verdict is supported by legally sufficient evidence (*see, People v Williams,* 84 NY2d 925, 926). In addition, although a different finding would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant's contention that the court erred in failing to charge the definition of "dangerous instrument" is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our discretion to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Finally, because we are affirming the judgment of conviction, there is no basis to disturb the finding that defendant violated the terms of his probation by committing the underlying crimes. (Appeal from Judgment of Monroe County Court, Bristol, J.—Assault, 1st Degree.) Present—Denman, P. J., Green, Scudder, Callahan and Balio, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SMITH, Appellant. (Appeal No. 2.) [698 NYS2d 187] —Judgment unanimously affirmed. Same Memorandum as in *People v Smith* (266 AD2d 889 [decided herewith]). (Appeal from

Judgment of Monroe County Court, Bristol, J.—Violation of Probation.) Present—Denman, P. J., Green, Scudder, Callahan and Balio, JJ.

■■■ COMVEST CONSULTING, INC., Respondent, v W.R.S.B. DEVELOPMENT COMPANY, L. L. C., Appellant. (Appeal No. 1.) [698 NYS2d 807] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted plaintiff's motion for summary judgment on the issue of defendant's liability for brokerage commissions. Plaintiff's submissions established a prima facie entitlement to the brokerage fees. Defendant's contention that plaintiff is not entitled to the commissions because no brokerage commission agreement exists is without merit. "In the absence of a contract, express or implied, a broker is entitled to receive a commission in a reasonable amount for bringing together the parties to a transaction" (*Curtis Props. Corp. v Greif Cos.*, 212 AD2d 259, 266). Defendant does not dispute that plaintiff procured the sellers in those transactions; defendant contends only that it had no agreement or understanding with plaintiff regarding commissions. That unsupported assertion does not raise an issue of fact in light of the explicit provisions in the subject real estate contracts (*see, Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219; *Curwil Constr. Corp. v RHP Dev. Corp.*, 194 AD2d 514, 515-516; *Henri-Lynn Realty v Huang*, 159 AD2d 486).

Defendant also failed to raise an issue of fact by its affirmative defenses. The waiver defense is inapplicable because there is no indication that plaintiff voluntarily and intentionally relinquished its rights to the commission, and a waiver is not effected by mere silence, delay or inaction (*see, Agati v Agati*, 92 AD2d 737, *affd* 59 NY2d 830; *Peck v Peck*, 232 AD2d 540). The equitable estoppel defense was not established because defendant made no showing that it relied to its prejudice upon any action by plaintiff (*see, Connecticut Natl. Bank v Peach Lake Plaza*, 204 AD2d 909, 910, citing *Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184, *rearg denied* 57 NY2d 674). The defense based on quantum meruit was properly dismissed because plaintiff adduced proof that it expected to be compensated, and defendant in opposition presented only an unsubstantiated allegation that plaintiff had not expected compensation (*see, Henri-Lynn Realty v Huang, supra*). Defendant's contentions that plaintiff lacks standing and is not the real party in interest also lack merit. Thus, the court properly granted plaintiff's motion (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).